remain so if the Texas court denies the Section 1404(a) motion. If that motion is denied, any possibility of duplicative discovery can easily be avoided through cooperative efforts among the common parties in the Oklahoma and Texas actions or by these parties requesting a stay of the Oklahoma actions and proceeding with the Texas actions. If the Texas court grants the Section 1404(a) motion, Strick will be the only defendant in the Texas actions and Freightliner and White Motor will continue to be the only defendants in the Oklahoma actions. Even in this circumstance, however, plaintiffs can avoid any duplication of discovery concerning the common issues by coordinating their efforts in the two jurisdictions; for example, plaintiffs could file notices for a particular deposition in both the Oklahoma and Texas district courts, thereby making the deposition applicable in each jurisdiction. Plaintiffs could also seek a stipulation that all discovery may be used in all actions. Thus, we believe that suitable alternatives to a Section 1407 transfer are available to the parties in this litigation.

[3] Furthermore, in light of the history of this litigation we suspect that plaintiffs' dominant reason for seeking transfer of the Texas actions under Section 1407 is to accomplish, at least for pretrial purposes, what is not otherwise possible in the Oklahoma federal courts because of lack of in personam jurisdiction over defendant Strick. Although the propriety of in personam jurisdiction in a proposed transferee district is not a criterion in considering transfer of actions to that district under Section 1407, it appears that in this particular litigation plaintiffs' ulterior motive for seeking transfer amounts to an attempted misuse of the statute. See In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F.Supp. 244, 255-256 (Jud.Pan.Multi.Lit.1969) (Weigel, J., concurring).

It is therefore ordered that the motion pursuant to 28 U.S.C. § 1407 to transfer the actions listed on the attached Schedule A be, and the same hereby is, denied.

SCHEDULE A

Western District of Oklahoma

| George v. Strick Corporation, et al. | Civil Action No. CIV-72-409 |
| Synco, et al. v. Strick Corporation, et al. | Civil Action No. CIV-72-408 |

Northern District of Texas

| George v. Strick Corporation, et al. | Civil Action No. CA-3-658-D |
| Synco, et al. v. Strick Corporation, et al. | Civil Action No. CA-3-657-D |



In re WAREHOUSE CONSTRUCTION CONTRACT LITIGATION.

No. 180.

Judicial Panel on Multidistrict Litigation.

Jan. 9, 1975.

The Judicial Panel on Multidistrict Litigation held that multidistrict action which involved eight subcontractors who were allegedly fraudulently induced by defendant financiers of warehouse to continue construction on warehouse after construction was halted by owners and which was commenced in Northern District of Georgia would be transferred for coordinated or consolidated pretrial proceedings with action by six of plaintiffs against same defendants, in light of fact that transfer would serve convenience of parties and witnesses and prevent duplication of discovery and inconsistent pretrial rulings.

Order accordingly.

Courts ⟶277.2

Multidistrict action which involved eight subcontractors who were allegedly fraudulently induced by defendant financiers of warehouse to continue con-

IN RE WAREHOUSE CONSTRUCTION CONTRACT LITIGATION 735
Cite as 387 F.Supp. 734 (1975)

struction on warehouse after construction was halted by owners and which was commenced in Northern District of Georgia would be transferred for coordinated or consolidated pretrial proceedings with action by six of same plaintiffs against same defendants, in light of fact that transfer would serve convenience of parties and witnesses, promote just and efficient conduct of litigation and prevent duplication of discovery and inconsistent pretrial rulings. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

Eight plaintiffs originally filed an action in a Georgia state court against Dobson and Johnson, Inc. and the Third National Bank of Nashville, Tennessee. The action was later removed to the Northern District of Georgia where defendant Third National Bank was dismissed on grounds of improper venue pursuant to the bank venue statute, 12 U.S.C. § 94. In order to overcome the bank venue problem, six of the eight plaintiffs in the Georgia action proceeded to file a virtually identical action against the same two defendants in the Middle District of Tennessee.

Defendant Dobson and Johnson filed a motion in the Georgia action requesting transfer of that action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a) or, in the alternative, transfer of the claims of seven of the eight plaintiffs. Shortly thereafter, defendant moved the Panel for an order transferring the Georgia action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1407, but requested a stay of its motion before the Panel pending the decision of the Georgia court concerning the Section 1404(a) motion. Defendant urged that the Section 1407 motion be reinstated if the entire action were not transferred by the Georgia court. The Panel granted the stay and the Georgia court has since issued an order transferring the claims of seven of the eight plaintiffs to the Middle District of Tennessee under Section 1404(a). The court noted that none of the plaintiffs opposed transfer and that the eighth plaintiff's claim was not transferred because it could not have been brought in Tennessee. The Panel subsequently lifted its stay and the question of whether the Georgia action containing the remaining plaintiff's claim against defendant Dobson and Johnson should be transferred under Section 1407 to the Middle District of Tennessee is now before the Panel.[1] Plaintiff has not indicated any opposition to the motion. We find that these actions involve common questions of fact and that transfer of the Georgia action to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings with the action pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs are all subcontractors who were employed to construct a large warehouse in Duluth, Georgia. After the structure was partially completed, the owners halted construction. Both defendants were involved in the financing of this project and plaintiffs allege that these defendants fraudulently induced them to resume work.

Defendant Dobson and Johnson argues that this litigation involves complex factual issues because it is related to a Chapter X reorganization proceeding filed by the owners of the warehouse that resulted in the plaintiff subcontractors receiving limited partnership inter-

---

1. The parties waived their right to oral argument and, at their request, the question of transfer of this action under 28 U.S.C. § 1407 was submitted on the briefs.

ests in the warehouse. Defendant maintains that, in spite of the fact that there are only two actions in this litigation, the factual issues are sufficiently complex to warrant a Section 1407 transfer. In addition, defendant contends that the discovery concerning all claims in this litigation will involve the same witnesses and information and therefore transfer will prevent duplication of discovery and inconsistent pretrial rulings. Defendant also points out that the Tennessee court has set an early trial date and suggests that the litigation will proceed expeditiously there.

We are persuaded by movant's arguments and find that the criteria are indeed satisfied for transfer of the Georgia action under Section 1407 to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings with the action pending there. Moreover, plaintiff's apparent acquiescence *sub silentio* to the motion for transfer of this action to Tennessee under Section 1407 is an additional factor favoring its transfer.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A pending in the Northern District of Georgia be, and the same hereby is, transferred to the Middle District of Tennessee and, with the consent of that court, assigned to the Honorable L. Clure Morton for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

#### Northern District of Georgia

| | |
|---|---|
| Northside Iron and Metal Co., Inc., et al. v. Dobson and Johnson, Inc. | Civil Action No. 16181 |

#### Middle District of Tennessee

| | |
|---|---|
| Northside Iron and Metal Co., Inc. v. Dobson and Johnson, Inc., et al. | Civil Action No. 74-47-NA-CA |